DELLINGER v. ARKANSAS STATE BOARD OF OPTOMETRY.

4-8726                                        217 S. W. 2d 338

Opinion delivered February 7, 1949.

*E. Chas. Eichenbaum, Glenn F. Walther, Leonard L. Scott* and *Bailey & Warren,* for appellants.

*Carl Langston,* for appellee.

GEORGE ROSE SMITH, J.   This is an action to enjoin Melford E. Dellinger, Joseph Zeman and Dr. Phil Thomas from violating Act 94 of 1941—a statute governing the practice of optometry.   Dellinger is the owner of Melford's Jewelers & Opticians, and Zeman is the manager. The testimony shows that customers entering Melford's to obtain eyeglasses are referred to Dr. Thomas, a physician having his office in a neighboring building in Little Rock.   In some instances a deposit upon the price of the glasses is taken before the customer leaves Melford's. Dr. Thomas then examines the patient's eyes and prescribes glasses when needed.   If Melford's referred the patient to Dr. Thomas, he suggests that the patient go back there to have the prescription filled.

The chancellor found that an illegal arrangement existed between Dr. Thomas and Dellinger, enabling Dellinger to advertise for customers and Thomas to benefit from the advertisements.   In this respect we think the decree unsupported by the evidence.   All three appellants denied the existence of any arrangement.   Dellinger's accountant found no record of any payments to or from Dr. Thomas.   Melford's referred some of its customers to other physicians and filled many prescriptions written by other doctors, although it is stipulated that from fifty to seventy-five per cent of the total prescriptions were written by Dr. Thomas.   The principal basis for the finding of an arrangement lay in the testimony of six witnesses paid by appellee to pretend to be customers seeking glasses at Melford's.   All testified that they were referred to Dr. Thomas, but we find nothing

in Act 94 which prohibits an optician from recommending a particular physician in whom he has confidence.

Whether Dellinger and Zeman were engaged in the practice of optometry depends upon a construction of the statute. It provides that any person who "prescribes, dispenses, adapts, or duplicates" lenses for the correction, relief or aid of the eyesight shall be deemed to be engaged in the practice of optometry. As we interpret the statute, it was the legislative intention to divide the process of prescribing, making and fitting spectacles into three steps. First is the prescription, based upon an examination of the patient. Only physicians and optometrists are permitted to prescribe glasses. Second is the manufacture of the lenses. This is the normal work of an optician, for which no license is required. The third step is the dispensing and adapting of the glasses, being the adjustment of the lenses and frames to the patient's face. The testimony shows that technical skill is required in this part of the process and that inaccurate measurements may result in glasses that injure the vision. With an exception to be mentioned, the Act provides that only physicians and optometrists may dispense and adapt lenses.

Dellinger's course of business violates the statute when so construed. He admits that his procedure is to order the prescribed lenses from a manufacturer of optical supplies. One of his employees takes the measurements necessary to fit the spectacles to the customer's face, and the sale is then completed. Since neither Dellinger nor his employees are licensed physicians or optometrists, the chancellor properly enjoined the firm from engaging in the practice of the profession. Melford's must confine itself to the sale of glasses made according to prescriptions and measurements determined by the designated specialists.

Act 94 contains an exception which exempts from its operation persons who sell glasses or lenses at wholesale upon prescription. The testimony proves that these wholesalers frequently dispense and adapt lenses. Appellants contend that the exception in favor of wholesalers

is so arbitrary as to deny the equal protection of the laws. On the evidence presented in this case we cannot say that it is unreasonable to permit the wholesaler, who usually grinds the lenses himself, to fit the spectacles to his customer, though the same privilege may be denied to others less skillful. But even if the classification were proved to be arbitrary, the exception is separable from the broad prohibition which excludes the general public from a field demanding technical knowledge. A finding of unreasonable classification would merely invalidate the exception, giving appellants no ground for complaint.

In principle the injunction against Dellinger and Zeman is sustained by the record, but some of its provisions must be modified. The prohibition against acceptance of deposits and recommendation of a particular physician is dependent upon the finding of an illegal arrangement and must be set aside. The decree is also too broad in that an attempt was made to define the exact course of business permissible and to enjoin any other activity which might constitute the practice of optometry. The appellee is entitled to no more than a decree specifically prohibiting Dellinger and Zeman from prescribing, dispensing, adapting or duplicating lenses (and other conduct, to be specified, which is proscribed by the statute) and from advertising in a manner conveying the implication that the prohibited services are available at Melford's.

As to Dr. Thomas the cause is reversed and dismissed; as to the other appellants the case is remanded so that an injunctive decree may be framed in conformity with this opinion.